<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000537
24-APR-2026
07:47 AM
Dkt. 98 MO**</span>

NO. CAAP-23-0000537
(consolidated with No. CAAP-24-0000807)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


IN THE MATTER
OF
THE FUJISHIMA FAMILY TRUST
DATED SEPTEMBER 1, 2005


APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(TRUST NO. 1CTR-22-0000164)


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

These consolidated appeals arise from two orders and judgments entered by the Circuit Court of the First Circuit (**Probate Court**) in trust proceeding no. 1CTR-22-0000164, a trust-related dispute between Petitioner-Appellee Gary A. Powell, Executive Director of the Caregiver Foundation (**Powell**), in his capacity as Conservator and Guardian of Evelyn Fujishima (**Evelyn**), and Respondent-Appellant Eadean M. Buffington (**Buffington**), a now-former co-trustee of the Fujishima Family Trust, Dated September 1, 2005 (**Fujishima Family Trust** or **Trust**).

In appellate case no. CAAP-23-0000537, Buffington appeals from the Probate Court's: (1) August 16, 2023 *Judgment on Order Adopting the Master's Recommendations in Part and Granting [in Part and Denying in Part] the Remainder of the Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief, Dated October 28, 2022* (**First Judgment**);

and (2) August 16, 2023 *Order Adopting the Master's Recommendations in Part and Granting [in Part and Denying in Part) the Remainder of the Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief, Dated October 28, 2022* (**First Order**).[1]  In the First Order and First Judgment, the Probate Court adopted in part recommendations made by the court-appointed Master Elizabeth H. Jackson, Esq. (**Master**) and granted in part and denied in part Powell's October 28, 2022 *Petition to Remove and Surcharge Trustees, for Accounting, and Other Equitable Relief* (**First Petition**).

In CAAP-23-0000537, Buffington contends that the Probate Court erred in:  (1) not continuing a June 1, 2023 hearing on the First Petition "to allow . . . Buffington to unseal a settlement agreement in Civil No. 1CC181001980"; (2) imposing a $422,522.22 surcharge against Buffington where the court found this to be a contested matter but did not hold a "contested" (*i.e.*, evidentiary) hearing and "failed to enter the requisite findings of fact"; and (3) concluding that there was an oral trust under Hawaii Revised Statutes (**HRS**) § 554D-407(b) (quoted infra) where there was no clear and convincing evidence to establish the Trust, and where the Probate Court "failed to enter the requisite findings of fact."

In appellate case no. CAAP-24-0000807, Buffington appeals from the Probate Court's:  (1) October 31, 2024 *Judgment on Findings of Fact, Conclusions of Law, and Order Granting [Powell's] Petition to Void the Fujishima Family Trust Dated September 1, 2005 [Dkt. 196], Filed September 17, 2024 [Dkt. 227]* (**Second Judgment**); and (2) September 17, 2024 *Findings of Fact, Conclusions of Law, and Order Granting [Powell's] Petition to Void the Fujishima Family Trust Dated September 1, 2005 [Dkt. 196]* (**FOFs/COLs/Order**).[2]  In the FOFs/COLs/Order, the Probate Court concluded that because Buffington unduly influenced Evelyn to execute the Trust, it was not the product of Evelyn's free

---

[1]     The Honorable Mark R. Browning entered the First Order and the First Judgment.

[2]     The Honorable Dean E. Ochiai entered the FOFs/COLs/Order and the Second Judgment.

will and deed, and it was therefore void under HRS § 554D-406.[3]

In CAAP-24-0000807, Buffington contends that the Probate Court erred in: (1) entering the Second Judgment without leave of this court where the First Judgment, which was on appeal, only permitted Powell to file another petition or claim against Buffington or Lau "if any financial improprieties are later discovered" and did not give Powell the right to "seek to void the . . . Trust"; (2) entering FOFs 57 through 63 where "they were based upon Ms. Buffington's [c]onduct in other matters and were not admissible in the [petition to void the Trust]"; and (3) awarding punitive damages where the First Judgment "already ordered damages."[4]

For the reasons discussed below, we affirm.

## I.  Background

Evelyn is an incapacitated person, and Powell is her court-appointed conservator and guardian.  Evelyn was the grantor and, prior to December 7, 2023, was presumed to be the beneficiary of the Trust.  Buffington, who drafted the Trust, was one of its two co-trustees, the other being How Chen Lau (**Lau**).

On October 28, 2022, Powell filed the First Petition, by which he sought, among other things, Buffington and Lau's removal as co-trustees, his appointment as successor trustee, an accounting of the Trust, the appointment of a master, and a surcharge against Buffington and Lau.  The First Petition, as well as an October 31, 2022 order setting the date, time and place of hearing on the First Petition, was sent to Buffington's counsel via certified mail on or about December 30, 2022; the signed return receipt reflected delivery on January 3, 2023. The October 31, 2022 order set a January 12, 2023 hearing date, and stated in part that pursuant to Hawaiʻi Probate Rules (**HPR**) Rule 10(c), "any party wishing to object or respond to the petition shall file such objection or response with the Court and

___

[3]    HRS § 554D-406 (2021) states:  "A trust is void to the extent its creation was induced by fraud, duress, or undue influence."

[4]    We have reordered Buffington's second and third points of error.

serve it on all interested persons within thirty (30) days of service of, the Petition and this Order or on the date of the scheduled hearing, whichever date occurs earlier." Buffington did not object or respond to the First Petition.

At the January 12, 2023 hearing, the Probate Court granted the Petition in part and continued it in part. As relevant here, the court appointed the Master "to review the accounting and investigate the issues raised in the [First] Petition." The court also ordered Buffington and Lau to provide a copy of the Trust instrument and to present their accounting of the Trust pursuant to HPR Rule 26 within 60 days to the Probate Court and the Master. The hearing was ultimately continued to June 1, 2023.

On May 11, 2023, the Master filed the *Master's Consolidated Report with Respect to: (1) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. No. 1CTR-22-0000164, and (2) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. No. 1CTR-22-0000165*[5] (**Master's Report**). The Master found, among other things, "serious breach of fiduciary duties by trustees . . . Buffington and . . . Lau with respect to the . . . Trust, including misappropriation of funds." The misappropriations were detailed in the Master's Report. The Master recommended that Buffington be surcharged in the amount of $466,055.22 plus interest for her improper transactions.

Buffington received notice of the Master's Report, but did not file an objection or response.

On May 23, 2023, the Master filed the *Supplement to Master's Consolidated Report with Respect to: (1) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. No. 1CTR-22-0000164, and (2) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. No. 1CTR-22-0000165* (**Supplemental Report**).

---

[5] Trust proceeding no. 1CTR-22-0000165 concerns the Haranaka Family Revocable Trust dated May 3, 2016, for which Buffington was also a trustee. The Haranaka trust proceeding is not the subject of this appeal.

On May 25, 2023, Buffington filed a response to the Master's Supplemental Report (**Response**).  She asserted that the proceedings regarding the Fujishima Family Trust were related to those in Kaneshiro v. Buffington, Civ. No. 1CC181001980, in which an alleged settlement agreement (**Kaneshiro Settlement Agreement**) "included an agreement that Ms. Kaneshiro not pursue any claims against Ms. Buffington relating to the Fujishima Family Trust or Evelyn . . . ."  Buffington contended that "[a]ny further proceedings should be continued until a motion is filed in 1CC181001980 to ask the Court to set aside the confidentiality provision in that settlement agreement so that [she] can defend herself here."

On May 26, 2023, the Master filed the *Second Supplement to Master's Consolidated Report with Respect to: (1) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. No. 1CTR-22-0000164, and (2) Petition to Remove and Surcharge Trustees, for Accounting and Other Equitable Relief Filed in T. 1CTR-22-0000165* (**Second Supplemental Report**).  The Master noted that "[a]lthough counsel for Ms. Kaneshiro in the Kaneshiro case also was original counsel for [Powell] here, . . . Ms. Kaneshiro is **not** an interested party to these Fujishima Family Trust and Haranaka Family Trust cases, and therefore cannot make a settlement that affects these cases."  The Master "d[id] not recommended any continuance of the [June 1, 2023] hearing" because Buffington (1) "had over four (4) months from the last hearing but failed to respond earlier," and (2) Buffington and Lau "have still not complied with this Court's order to submit a Rule 26 Accounting and to provide a copy of the . . . Trust instrument(s)."

On May 31, 2023, Powell filed an objection to the Response.  Buffington did not file a response to the Second Supplemental Report.

At the June 1, 2023 hearing, the Probate Court took the Petition under advisement.  On June 9, 2023, the Probate Court issued a minute order adopting the Master's recommendations in part and "grant[ing] the remainder of the Petition in part and den[ying] in part . . . ."  As relevant here, the court:  (1)

found this to be a "contested matter" and retained jurisdiction under HPR Rule 20; (2) concluded that Buffington and Lau breached their fiduciary duties; (3) removed Buffington and Lau as co-trustees of the Trust and appointed Powell as the successor trustee; (4) ordered the establishment of the Trust pursuant to HRS § 554D-407(b); (5) surcharged Buffington and Lau in the amounts of $422,555.22 and $43,500.00, respectively, "for [their] improper transactions;" and (6) denied Buffington's request for a continuance. The court instructed Powell's counsel to prepare a "final Order."

On July 24, 2023, Powell filed a proposed written order (**Proposed Order**) formalizing the court's rulings. Powell noted that he had emailed the Proposed Order to Buffington, through counsel, but had not received a response. On August 16, 2023, the Probate Court entered the First Order and the First Judgment. The First Judgment was entered pursuant to HPR Rule 34(a).[6]

On September 15, 2023, Buffington filed a notice of appeal from the First Judgment, initiating CAAP-23-0000537.

On December 7, 2023, Buffington produced a copy of the Trust instrument to Powell. Schedule "B" to the Trust revealed that the beneficiaries of the Trust were Buffington and Lau.

On May 20, 2024, Powell filed the *Petition to Void the Fujishima Family Trust Dated September 1, 2005*, and supporting memorandum (**Second Petition**). Through the Second Petition, Powell sought: (1) to void the Trust as the product of undue influence by Buffington; (2) to order Buffington and Lau to pay the previously assessed surcharges of $422,555.22 and $43,500.00; (3) to order that all assets of the Trust belong to Evelyn's conservatorship estate; (4) to order that Buffington pay compensatory damages; and (5) to order that Buffington and Lau pay punitive damages and attorneys's fees. On May 29, 2024, Buffington filed a memorandum in opposition to the Second Petition (**Opposition**).

---

[6] HPR Rule 34(a) states, in relevant part, that "[a]ny other order that fully addresses all claims raised in a petition to which it relates, but that does not finally end the proceeding, may be certified for appeal in the manner provided by Rule 54(b) of the Hawaiʻi Rules of Civil Procedure."

The minutes of the July 10, 2024 hearing on the Second Petition state in part:  "Court notes the [O]pposition is devoid of any statement of . . . Buffington to refute any of the evidence submitted to the Court by [Powell]"; "Court will find that the evidence provided to the Court is absolutely clear and convincing evidence and therefore merits the imposition of the requested punitive damages in this case"; "Court grants the petition in full and makes its findings at the level of clear and convincing evidence"; and "[t]he Court finds as factually and legally correct the statement of facts, citations of law as set forth in the [Second Petition]."

On September 17, 2024, the Probate Court entered the FOFs/COLs/Order.  On October 31, 2024, the Probate Court entered the Second Judgment pursuant to HPR Rule 34(a).  Judgment was entered in favor of Powell and against Buffington in the amount of $1,467,665.66 in punitive damages and $422,555.22 in surcharges, and against Lau in the amount of $43,500.00 in surcharges.

On December 2, 2024, Buffington filed a notice of appeal from the Second Judgment, initiating CAAP-24-0000807.

## II.  Discussion

### A.  CAAP-23-0000537

As a threshold matter, we address Powell's argument that Buffington "waived her right to appeal" by failing to respond or object to the First Petition, the Master's Report, or the Proposed Order.  While we conclude below that Buffington waived certain arguments by failing to raise them in the Probate Court, Powell cites no authority for the proposition that she "waived her right to appeal" in these circumstances.  She did not.

### 1.  Denial of Motion to Continue June 1, 2023 Hearing

Buffington contends that the Probate Court erred in not granting a continuance so that she could unseal the Kaneshiro Settlement Agreement.  We review the court's decision to deny the requested continuance for an abuse of discretion.

7

See DJ v. CJ, 147 Hawaiʻi 2, 16, 464 P.3d 790, 804 (2020) (citing Onaka v. Onaka, 112 Hawaiʻi 374, 378, 146 P.3d 89, 93 (2006)).

The Probate Court did not abuse its discretion in these circumstances. Buffington failed to respond to the October 28, 2022 First Petition and only sought a continuance of the June 1, 2023 hearing in response to the Master's May 23, 2023 Supplemental Report, raising an argument that could have been made several months earlier. Moreover, Buffington did not explain how the Kaneshiro Settlement Agreement would allow her to defend herself in this case. She did not challenge below, nor does she challenge on appeal, the Master's findings that: (1) Holly R. Kaneshiro (**Kaneshiro**) is a "[p]laintiff in a separate case against Ms. Buffington" related to her alleged "misappropriation of funds from the Takei Family"; (2) "Ms. Kaneshiro is **not** an interested party to th[is] Fujishima Family Trust . . . case[], and therefore cannot make a settlement that affects th[is] case[]; and (3) "[t]he facts that Ms. Buffington (a) was trustee in these separate cases, and (b) used the same Vetina Liliha bank account to receive funds taken from these separate individuals, are not connections that could make settlement in one case impact surcharge requests in another." See HPR Rule 29 (providing that a court-appoint master "shall submit a written report of the master's findings to the court" and parties may object or respond "within the time limits set forth in Rule 10(c)"). In denying the requested continuance, the Probate Court did not "clearly exceed[] the bounds of reason or disregard[] rules or principles of law or practice" to Buffington's detriment. Onaka, 112 Hawaiʻi at 378, 146 P.3d at 93.

### 2. Imposing Surcharge Without an Evidentiary Hearing

Buffington contends that the Probate Court erred in imposing the surcharge against Buffington where the court found this to be a contested matter but did not hold an evidentiary hearing.

Under HPR Rule 19, a contested matter is defined as "any one in which an objection has been filed." When, as here,

the court retains jurisdiction over a contested matter, "the court in the order of assignment may, at the request of the parties, designate and order that any one or more of the Hawaiʻi Rules of Civil Procedure and/or the Rules of the Circuit Courts shall be applicable in such matter." HPR Rule 20(d). Nothing in the HPR requires an evidentiary hearing in a retained matter merely because it has been deemed contested.

To the extent Buffington contends that contested factual issues required an evidentiary hearing, she does not state "where in the record the alleged error" in not holding such a hearing "was objected to or the manner in which the alleged error was brought to the attention of the court . . . ." Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Indeed, it appears the issue was not raised below. Buffington did not request an evidentiary hearing. She did not object or respond to the First Petition or the Master's Report, which set out the factual background and findings that supported the recommended surcharge against Buffington. And in her response to the Master's Supplemental Report, she requested only a continuance of the June 1, 2023 hearing in order to attempt to introduce a settlement agreement from an apparently unrelated case. See supra. Further, Buffington did not object to the lack of an evidentiary hearing after the Probate Court deemed this to be a contested matter in the June 9, 2023 minute order, or during the two-month period before entry of the contemplated "final Order," *i.e.*, the August 16, 2023 First Order. In these circumstances, Buffington waived her current argument that the Probate Court erred in not holding an evidentiary hearing. See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal."); cf. In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 156 Hawaiʻi 401, 411 n.8, 575 P.3d 491, 501 n.8 (2025) ("[G]iven that the Cooks raised the need for an evidentiary hearing at the first opportunity, this issue is not waived.").

Buffington also contends that the Probate Court erred in not issuing findings of fact to support its decision. She

9

relies on the supreme court's decision in <u>In re Elaine Emma Short</u> <u>Revocable Living Tr. Agreement Dated July 17, 1984</u> (<u>Short Trust</u> <u>II</u>), 147 Hawaiʻi 456, 465 P.3d 903 (2020).

In <u>Short Trust II</u>, the court held in part that the complete absence of factual findings by the probate court did not enable this court to meaningfully review the basis of the probate court's order to modify a trust. <u>Id.</u> at 459, 465 P.3d at 906. The court directed that "when acting in accordance with the Hawaiʻi Probate Rules, a probate court should make findings of fact in a contested case such as this, even though there is not an explicit requirement to do so, except when the court's refusal may be justified as a sound exercise of its discretion or when the parties agree to a resolution without an articulation of its basis." <u>Id.</u> at 471, 465 P.3d at 918. Such findings allow the appellate court "to determine which facts the court relied upon and which underlay the court's [decision]." <u>Id.</u>

This case is readily distinguishable from <u>Short Trust</u> <u>II</u>. Here, the Probate Court plainly relied on the Master's findings - none of which were contested - in reaching the court's decision to surcharge Buffington. Based on her findings, the Master recommended a surcharge of $466,055.22 against Buffington. The Probate Court imposed a surcharge of $422,555.22, which is a reduction of $43,500.00 from the recommended amount - which was the same amount as the Master's recommended surcharge against Lau.[7] The Probate Court's decision not to surcharge both Buffington and Lau for this same amount was certainly within its discretion, and was not inconsistent with the Master's findings. Although the court did not expressly adopt the Master's factual findings, they were quite clearly the basis for the court's decision. In these circumstances, there was no need for the Probate Court to enter separate factual findings to support its decision.

---

[7] In her Supplemental Report, the Master clarified that the $43,500.00 amount was "a subset of the $294,250.00 funds transferred from the Fujishima Family Trust to Vetina Liliha[,]" which meant that the $43,500.00 amount was also a part of the recommended surcharge against Buffington. **[JCCROA doc. 77 at 6; <u>see</u> JCCROA doc. 60 at 18**]

### 3. Concluding There Was an Oral Trust

Buffington contends that the Probate Court erred in concluding there was an oral trust under HRS § 554D-407(b).  We note at the outset that the Probate Court did <u>not</u> recognize the creation of an "oral trust" under HRS § 554D-407(a).[8/]  Rather, the court "order[ed] the establishment of the Fujishima Family Trust pursuant to [HRS §] 554D-407(b)."  HRS § 554D-407(b) does not refer to an "oral trust."  Rather, it refers to a "missing trust," as follows:

> Except as required by law other than this chapter, a trust need not be evidenced by a trust instrument, but the establishment of a <u>missing trust</u> and its terms may be established by clear and convincing evidence.  <u>In the absence of clear and convincing evidence to establish the existence or terms and provisions of a missing trust, the existence of or the terms and provisions of a missing trust may be established by court order</u>; provided that, in the circumstances and upon appropriate notice, it would be fair and equitable to do so.  This section does not preclude a court from ordering relief otherwise allowed by law.

(Emphases added.)

To the extent Buffington contends that the Probate Court erred in ordering the establishment of the Trust under HRS § 554D-407(b), again, Buffington does not state where in the record the alleged error was objected to or otherwise brought to the attention of the Probate Court.  HRAP Rule 28(b)(4).  And, again, it appears the issue was not raised below.

Powell alleged in the First Petition that Evelyn was the settlor of the Trust, the Trust was executed on September 1, 2005, the then-current trustees were Buffington and Lau, and Buffington had admitted to drafting the Trust "for the sole purpose of obtaining life insurance on Evelyn . . . ."  Buffington did not object or respond to these allegations.  The Master similarly noted in her Report that, through counsel, Buffington acknowledged that she had drafted the Fujishima Family Trust.  The Master also found that "[t]he First Hawaiian Bank (FHB) x0484 account was titled in the names of . . . Lau, Trustee

---

[8/]     HRS § 554D-407(a) states: "Except as required by law other than this chapter, a trust need not be evidenced by a trust instrument, but the creation of an oral trust and its terms, including any amendments thereto, may be established only by clear and convincing evidence."

11

and . . . Buffington, Trustee, for the Fujishima Family Trust[,]" and that account statements for that account and various bank statements showed "inappropriate transfers" and disbursements from that account to Buffington. Buffington did not object or respond to these findings. Nor did Buffington object after the Probate Court acted to establish the Trust in its June 9, 2023 minute order, or during the two-month period before entry of the First Order. In these circumstances, Buffington waived her current argument that the Probate Court erred in establishing the Trust under HRS § 554D-407(b). See AOAO of Wailea Elua, 100 Hawaiʻi at 107, 58 P.3d at 618.

In any event, given the unchallenged findings in the Master's Report, it was at least "fair and equitable" for the Probate Court to establish the existence of the Trust. HRS § 554D-407(b).

Buffington contends that the Probate Court erred in not issuing findings of fact to support its decision to establish the Trust. We reject this argument for the reasons discussed above. The court plainly relied on the Master's findings - none of which were contested - in recognizing the existence of the Trust. In these circumstances, there was no need for the Probate Court to enter separate factual findings to support its decision.

**B. CAAP-24-0000807**

**1. Entering Second Judgment Without Leave of Court**

Buffington contends that the Probate Court erred in entering the Second Judgment without leave of this court. Specifically, she argues that the Second Petition was a "post-judgment" petition under HPR Rule 36(b) that improperly sought to alter or amend the First Judgment, which was on appeal before this court in CAAP-23-0000537, without obtaining leave of this court to remand the matter. Relatedly, Buffington contends that the First Judgment only permitted Powell to file another petition or claim against Buffington or Lau "if any financial improprieties are later discovered" and did not give Powell the right to "seek to void the . . . . Trust."

Buffington's argument is based on two faulty premises –

12

that the Second Petition sought to amend or alter the First Judgment, and the First Judgment was a "final" judgment that ended the underlying trust proceeding.  Neither is sound.

First, the Second Petition did not seek to alter or amend the First Judgment.  Rather, upon learning that Buffington had made herself and Lau the beneficiaries of the Trust, Powell sought through the Second Petition to void the Trust, to transfer its assets to Evelyn's conservatorship estate, and to order Buffington and Lau to pay the surcharges that were assessed in the First Judgment.  The requested relief was consistent with the relief provided in the First Judgment, which did not limit Powell's right to seek additional appropriate relief in the future.

Second, the First Judgment was not a "final" judgment that ended the underlying trust proceeding.  Rather, the Probate Court entered the First Judgment under HPR Rule 34(a), which permitted the court to certify the First Judgment for appeal, where it fully addressed all claims raised in the First Petition, but did not finally end the proceeding.  Because the First Judgment did not end the underlying trust proceeding, Powell was not required to seek leave from this court to remand the matter so that the Second Petition could be resolved.

### 2.  Entering FOFs Based on Conduct in Other Matters

Buffington contends that the Probate Court erred in entering FOFs 57 through 60, because they were "based upon conduct that resulted in Ms. Buffington's disbarment[,]" and FOFs 61 through 63, because they "ar[o]se from a separate case involving the Takei family."  Buffington argues that these "facts" amounted to "prior bad acts" and were inadmissible pursuant to HRE Rule 404(b).[9]

---

[9]    HRE Rule 404(b) states, in relevant part:

> (b) Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

Although Buffington made a similar argument in the Opposition, we are unable to resolve this evidentiary issue because Buffington did not provide us with a transcript of the July 10, 2024 hearing on the Second Petition, in which the Probate Court presumably would have ruled on Buffington's evidentiary objection. See Windward Christian Church v. One Love Ministries, No. CAAP-15-0000949, 2019 WL 3545894, at *2 (Haw. App. Aug. 15, 2019) ("Plaintiffs' memorandum in opposition contained objections to some of Defendants' evidence, but no party ordered transcripts of the hearings for the record on appeal. We are unable to determine how the circuit court ruled on Plaintiffs' evidentiary objections."); Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("[The appellant] has the responsibility of providing an adequate transcript." (quoting Union Bldg. Materials Corp. v. The Kakaako Corp., 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).

In any event, any error by the Probate Court in entering FOFs 57 through 63, was harmless. None of the COLs refer to these FOFs or the conduct they describe. Rather, the Probate Court concluded, as follows:

> 75. [Buffington] does not deny and/or contest any of the statement of facts and claims outlined in the Petition, including but not limited to (1) [Buffington] was Evelyn's attorney as early as 1994; (2) [Buffington] was Evelyn's attorney when [Buffington] drafted the Waimanalo Lease; (3) [Buffington] was Evelyn's attorney when [Buffington] drafted the Trust; and that (4) [Buffington] named herself and [Lau] as the beneficiaries of the Trust for her own self-interest so that she could use the Trust's assets to enrich herself and to facilitate her purchase of the Waimanalo Property per the purported Waimanalo Lease.
>
> 76. Because [Buffington] does not deny and/or contest any of the statement of facts and claims outlined in the Petition, the Court assumes all facts and claims to be true.
>
> 77. As a result, there is an undisputed presumption that [Buffington] unduly influenced Evelyn to execute the Trust.
>
> 78. Because [Buffington] unduly influenced Evelyn to execute the Fujishima Family Trust, it is not the product of Evelyn's voluntary free will and deed and is therefore void under Haw. Rev. Stat. § 554D-406.

(Citation omitted.) On appeal, Buffington does not challenge the FOFs supporting these determinations, including FOFs 24 through 57, which are not dependent on Buffington's conduct in other

14

matters.  These unchallenged FOFs are supported by substantial evidence in the record.  Buffington's argument is without merit.

### 3.  **Awarding Punitive Damages**

Buffington contends that the Probate Court erred in awarding punitive damages.  She argues that Powell should not have been able to "reopen" the First Judgment to seek punitive damages.  She further argues that Powell failed to meet the clear-and-convincing proof standard for the imposition of punitive damages.

We concluded above that the First Judgment did not limit Powell's right to seek additional appropriate relief in the future and did not end the underlying trust proceeding.  Buffington's "reopening" argument is therefore without merit.

To the extent Buffington contends that the evidence did not support the punitive damages award, she does not state where in the record the alleged error was objected to or otherwise brought to the Probate Court's attention.  HRAP Rule 28(b)(4).  It appears this issue was not raised below.  Powell alleged in the Second Petition that "[Buffingon] has exhibited conduct that is willful and wanton and acted with malice as she has repeatedly shown a deliberate indifference to her civil obligations by orchestrating her fraudulent scheme to exploit Evelyn[,]" and [d]ue to [Buffington's] conduct, [Powell] is entitled to punitive damages commensurate with the reprehensibility of [Buffington's] conduct, which will have an appropriate deterrent effect."  In her Opposition, Buffington did not object or respond to these allegations.  She made no argument regarding Powell's request for punitive damages.  In these circumstances, Buffington waived her current argument that the evidence did not support the punitive damages award.

In any event, the Probate Court concluded in part as follows:

> [T]here is clear and convincing evidence that [Buffington] exhibited willful and wanton conduct and acted with malice by preparing and having Evelyn execute those documents that benefit [Buffington], including, but not limited to, the Waimanalo Lease, the Fujishima Family Trust, and the Evelyn [power of attorney].  [Buffington] has repeatedly shown a deliberate indifference to her civil obligations, exploiting

15

Evelyn and the Fujishima Family.

On appeal, Buffington does not challenge the FOFs supporting this mixed determination of fact and law, including FOFs 24 though 57. These unchallenged FOFs are supported by substantial evidence in the record as a whole from which the Probate Court could reasonably have concluded that Buffington exhibited willful and wanton conduct. See In re JK, 149 Hawaiʻi 400, 409-10, 491 P.3d 1179, 1188-89 (App. 2021). Buffington's argument is without merit.

### III. Conclusion

For the reasons discussed above, the First Order, the First Judgment, the FOFs/COLs/Order, and the Second Judgment, all entered by the Probate court, are affirmed.

DATED: Honolulu, Hawaiʻi, April 24, 2026.

On the briefs:

Keith M. Kiuchi
for Respondent-Appellant.

Margery S. Bronster,
Annika B. Perkins, and
Lanson K. Kupau, II
(Bronster Fujichaku Robbins)
for Petitioner-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge